# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
### (Oral Argument Scheduled May 16, 2017)

| | | |
|---|---|---|
| **Ralph Jackson,** *et al.*, | : | |
| *Appellants,* | : | |
| | | |
| **v.** | : | **No. 16-7119** |
| **Teamsters Local Union 922,** *et al*, | : | |
| *Appellees,* | : | |

## APPELLEES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX

Appellees Teamsters Local Union 922, Warehouse Employees Union Local 730, and Giant Food, LLC, jointly move for leave to file a supplemental appendix in the above-captioned appeal. Upon review of the Appellants' Brief in this matter, Appellees have identified certain documents from the district court record material to the appeal that were not included in the Joint Appendix submitted by Appellants. Pursuant to Circuit Rule 30(e), Appellees respectfully request leave to supplement the appendix. A copy of the supplemental appendix is attached hereto as Exhibit 1. Appellees have conferred with Appellants, who have stated they have no objection.

Respectfully submitted,

/s/ Diana M. Bardes
Diana M. Bardes
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1920 L Street, NW, Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-0068
dbardes@mooneygreen.com
Counsel for Local 922

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of March, 2017, the foregoing MOTION OF APPELLEES' was served on all parties or their counsel of record through the CM/ECF system.

Dated: March 24, 2017          */s/ Diana M. Bardes*
                                Diana M. Bardes

**RECORD NO. 16-7119**

ORAL ARGUMENT HAS BEEN SCHEDULED FOR MAY 16, 2017

In The

# United States Court of Appeals
### For The District of Columbia Circuit

## RALPH JACKSON; LINDA MATHIS; DONNA WARD; ROBERT CICCARELLI; DONCHEZ COATES; WILLIAM CHRISTOPHER; SHARRON FOSTER; CHRIS MUNDELL; TIFFANY CHERRY,

*Plaintiffs – Appellants*,

**v.**

## TEAMSTERS LOCAL UNION 922; WAREHOUSE EMPLOYEES UNION LOCAL 730; GIANT FOOD LLC,

*Defendants – Appellees.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

### APPELLEES' SUPPLEMENTAL APPENDIX

_____

John R. Mooney
Lauren P. McDermott
MOONEY, GREEN, SAINDON,
  MURPHY & WELCH, PC
1920 L Street, NW, Suite 400
Washington, DC  20036
(202) 783-0010

*Counsel for Appellee*
  *Teamsters Local Union 730*

Diana M. Bardes
MOONEY, GREEN, SAINDON,
  MURPHY & WELCH, PC
1920 L Street, NW, Suite 400
Washington, DC  20036
(202) 783-0010

*Counsel for Appellee*
  *Teamsters Local Union 922*

Henry A. Platt
Brett S. Covington
SAUL EWING LLP
1919 Pennsylvania Avenue, NW
Suite 550
Washington, DC  20006
(202) 333-8800

*Counsel for Appellee*
  *Giant Food, LLC*

## <u>TABLE OF CONTENTS</u>
## <u>SUPPLEMENTAL APPENDIX</u>

<u>Page</u>

Defendant Giant Food, LLC's Notice of Withdrawal Without Prejudice
of its Motion for Civil Contempt and Other Sanctions Against Plaintiffs'
Counsel for Violation of the Court's Discovery Orders
        filed September 8, 2015 .......................................................... SA1

Exhibits to Declaration of Henry A. Platt, Esquire in Support of Giant's
Motion for Summary Judgment
        filed February 1, 2016:

    45.    Letter to Wayne Gold from
           Jo Ann P. Myles
           Re:  NLRB Charges Filed Against Giant Food, LLC,
           Warehouse  Employees Union Local 730 and Teamsters
           Union Local 922
                dated November 17, 2012 .................................................... SA5

    46.    Letter to Wayne Gold from
           Jo Ann P. Myles
           Re:  NLRB Charges Filed Against Giant Food, LLC,
           Warehouse  Employees Union Local 730 and Teamsters
           Union Local 922
                dated November 17, 2012 .................................................. SA12

Exhibit to Reply to Opposition to Motion for Summary Judgment
        filed May 23, 2016:

    1.     Declaration of Ronald Randolph
                dated May 4, 2016............................................................. SA32

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
RALPH JACKSON, *et al.*,                     )
                                            )
                    Plaintiffs,              )        Civil Action No. 12-2065 (JEB)
                                            )
          v.                                 )
                                            )
TEAMSTERS LOCAL UNION 922, *et al.*,         )
                                            )
                    Defendants.              )
_____ )


**DEFENDANT GIANT FOOD, LLC'S NOTICE OF WITHDRAWAL WITHOUT
PREJUDICE OF ITS MOTION FOR CIVIL CONTEMPT AND OTHER SANCTIONS
AGAINST PLAINTIFFS' COUNSEL FOR VIOLATION OF THE
COURT'S DISCOVERY ORDERS**

Defendant Giant Food, LLC ("Defendant" or "Giant"), by and through its undersigned

counsel, hereby withdraws, without prejudice, its Motion for Civil Contempt and Other

Sanctions Against Plaintiffs' Counsel for Violation of the Court's Discovery Orders, Dkt. No.

101.

Plaintiffs' Counsel has represented that she will reimburse Giant for its reasonable

attorneys' fees and costs incurred for attending the no-show deposition of former plaintiff Robert

Ciccarelli on May 26, 2015.  Plaintiffs' Counsel has further represented that she will reimburse

Giant in the total amount of $517.50 by October 16, 2015, as this amount is required by the

Court's June 9, 2015 and June 29, 2015 Discovery Orders.  Based upon Plaintiffs' Counsel's

representation that she will make payment by October 16, 2015, Giant has agreed to withdraw its

Motion for Contempt, Dkt. No. 101, without prejudice.

Dated: September 8, 2015                    Respectfully submitted,

                                           */s/ Henry A. Platt*
                                           Henry A. Platt (D.C. Bar No. 425994)
                                           hplatt@saul.com
                                           Brett S. Covington (D.C. Bar No. 1003835)
                                           bcovington@saul.com
                                           SAUL EWING LLP
                                           1919 Pennsylvania Avenue, NW
                                           Suite 550
                                           Washington, DC 20006-3434
                                           Tel: (202) 333.8800
                                           Fax: (202) 295.6776

                                           *Attorneys for Defendant Giant Food, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2015, a true and correct copy of the foregoing **DEFENDANT GIANT FOOD, LLC'S NOTICE OF WITHDRAWAL WITHOUT PREJUDICE OF ITS MOTION FOR CIVIL CONTEMPT AND OTHER SANCTIONS AGAINST PLAINTIFFS' COUNSEL FOR VIOLATION OF THE COURT'S DISCOVERY ORDERS** has been transmitted via the Court's CM-ECF filing systems to the following counsel:

Jo Ann P. Myles, Esq.
Law Office of Jo Ann P. Myles
P.O. Box 6021, Suite 301
Largo, MD 20774
joamyl@aol.com
*Counsel for Plaintiffs*
Diana M. Bardes, Esq.
dbardes@mooneygreen.com

Richard C. Welch, Esq.
rwelch@mooneygreen.com
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant*
*Teamsters Local Union 922*

John R. Mooney, Esq.
Lauren McDermott, Esq.
jmooney@mooneygreen.com
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
*Counsel for Defendant*
*Warehouse Employees Union,*
*Local 730*

/s/ Henry A. Platt
Henry A. Platt

USCA Case #16-7119   Document #1667755   Filed: 03/24/2017   Page 8 of 40

# EXHIBIT 45

Law Offices of
## JO ANN P. MYLES
9701 Apollo Drive
Suite 301
Largo, Maryland 20774

Office 301-773-9652

Fax 301-322-1704

**VIA FEDEX**
**8001-3791-8178**

November 17, 2012

Mr. Wayne Gold
NLRB Regional Director,
National Labor Relations Board
100 S. Charles Street, 6th Floor
Baltimore, Maryland 21201

**Re: NLRB Charges Filed Against: Giant Food, LLC, Warehouse Employees Union Local 730 and Teamsters Union Local 922**

Dear Regional Director Gold:

My name is Jo Ann P. Myles. I am an attorney and I represent union employees Sharron Foster, Chris Mundell, Tiffany Cherry, Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher and Ralph Jackson.

Please find enclosed three (3) National Labor Relations Board (NLRB) Charges being filed against the following employer and unions:

1.   National Labor Relations Board Charge against Giant Food LLC;
2.   National Labor Relations Board Charge against Warehouse Employees Union Local 730 and
3.   National Labor Relations Board Charge against Teamsters Union Local 922.

All communications and documents concerning these charges should be forwarded to my office. Once the NLRB issues Charge Case Numbers to each complaint, I will formally enter my appearance again using the NLRB entry of appearance form. Thank you for your prompt attention to this matter.

Very Truly Yours,

Jo Ann P. Myles

cc: Sharron Foster, Chris Mundell, Tiffany Cherry, Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher and Ralph Jackson (Complainants) and Giant Food, LLC, Union Local 730 and Union Local 922



**SA 005**

NLRB Charge   November 17, 2012   Attachment A- Description/Statement of Charge

## ATTACHMENT A

Re: Group Complainants From members of Teamsters Unions Local 922 and Local 730
Complainants:  From Union 730: Sharron Foster, Chris Mundell, Tiffany Cherry and
from Union 922 Donna Ward, Donchez Coates, Linda D. Mathis, William Christopher,
Robert Ciccarelli and Ralph Jackson.

## COMPLAINT

### A.   Facts

The employer Giant Food Inc, Union Local 730 and Union Local 922 in or about
April of 2012 began informing employees at its Jessup Warehouses that it would be
laying Union Warehouse personnel off because of a lack of work and that there would be
no work after July 1, 2012. All three (3) organizations told the Complainants and the
other union Warehouse employees that other lay offs would follow July 1, 2012, because
there was a substantial reduction in work. Giant eventually told the Complainants and
approximately 11 other employees (approximately 20 employees) in or about June 2012
that they would be laid off effective July 1, 2012, due to a lack of work and work space.

Giant offered the Complainants a small severance package. Many of the
employees had 7-10 years of service with Giant and their respective unions. In order to
get the complainants to sign the severance packages, Giant and the Unions had joint and
separate meetings deceiving and threatening the complainants to sign due to a lack of
work and future lay offs. The unions and Giant held negotiation meetings together, in
which they excluded the shop stewards. The unions had separate meetings with all
warehouse employees (without their shop stewards) and with the complainants (soon to
be laid off workers). In theses meetings, the Unions threatened and coerced employees to
sign Giant's severance agreement, which required them to give up their right to being
recalled or rehired in the event work became available in six (6) months. Complainants
and others were told that there would be no question and absolutely more future layoffs,
that "Giant did not want them anymore", they had better sign the agreement, there was no
more work for them to do, they should go look for other work, among other things.

Reluctantly, the complainants signed the Giant severance agreement under the
belief that there was no more work in the warehouses, there would be imminent future
layoffs and that their jobs were gone forever.

However, in or about August 14, 2012, (approximately 6 weeks later), the
complainants learned that;

1.      there was no shortage of work at the Giant Jessup Warehouse where they
had worked;

253

NLRB Charge   November 17, 2012   Attachment A- Description/Statement of Charge

2.   that Giant was giving extensive overtime to the current Jessup warehouse workers;

3.   that Giant had hired back workers on July 1, 2012, the next day after complainants were laid off;

4.   that union leaders had clandestinely and secretly taken aside and had separate meetings with at least 4 of the designated workers to be terminated and told those individuals not to sign Giant's severance agreement because there would be work and that they could get them back in to work at Giant;

5.   Giant rehired at least 3 of the union workers who had secret conversations with union leaders back at the Jessup Warehouse and were secretly told not to sign the severance agreement;

6.   That on or about August 14, 2012, Complainants learned of the events in paragraphs 1-5 and on August 16, 2012, filed union grievances, which have not been answered and/or processed in accordance to the complainants CBAs. The unions and Giant have denied the complainants the right to utilize the union grievance process and to have arbitration on their grievances.

**SECTIONS VIOLATED:**  Employer Giant, Giant's Management team and the unions have violated the union contracts, including but not limited to provisions under Union Local 922 Articles IX, X, and XIV, Union Local 730 Articles VI, XIII, XXII, the National Labor Relations Act as well as Maryland state and other federal laws.

## **REMEDY:**
All Complainants should be reinstated, made whole, given and restored all benefits, included but not limited to wages; reinstatement in the health insurance program with no waiting period; reinstatement in the pension program with restoration of all back service and credits; vacation time and any other benefits. The employees must be made whole in any and all respects.

254

NLRB Charge Against Warehouse Employees Union Local 730      November 17, 2012

## ATTACHMENT B
### Warehouse Employees Union Local 730

We the undersigned do hereby declare that we have read the charge and that the statements therein are true to the best of our knowledge and belief.

Sharron Foster
1031 N. Fulton Avenue
Baltimore, Maryland 21217
Union Local 730

DATE 11/17/12

Chris Mundell
1322 Craighill Court
Hanover, Maryland 21076
Union Local 730

DATE 11/17/12

Tiffany Sherry
6 Morris Drive
Apt 303
Laurel, Md. 20707
Union Local 730

DATE 11/17/12

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2012, I mailed by regular

FED EX Courier Service the attached National Labor Relations Board Charge to:

Mr. Richard Johnson
Business Agent
Warehouse Employees Union Local No. 730
2001 Rhode Island Avenue, N.E.
Washington, D.C. 20018

Jo An P. Myles

1

255

**SA 008**

INTERNET
FORM NLRB-508
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| Warehouse Employees Union, Local 730 | Richard Johnson, Business Agent |

| c. Address (Street, city, state, and ZIP code) | d. Tel. No. 202-529-3434 | e. Cell No. |
|---|---|---|
| 2001 Rhode Island Avenue, N.E. Washington, D.C. 20018 | f. Fax No. | g. e-Mail |

h. The above-named organization(s) or its agents has *(have)* engaged in and is *(are)* engaging in unfair labor practices within the meaning of section 8(b), subsection(s) *(list subsections)* (1) (A) and (b) (3) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The named Union breached its duty to fairly represent bargaining unit employees: Sharon Foster, Chris Mundell, and Tiffany Cherry by coercing them to sign severance agreements with employer Giant Food, which ended their employment.

Also See Attachments A and B.

| 3. Name of Employer | 4a. Tel. No. 301-341-4100 | b. Cell No. 301-512-7681 |
|---|---|---|
| Giant Food, LLC | c. Fax No. | d. e-Mail |

| 5. Location of plant involved (street, city, state and ZIP code) | 6. Employer representative to contact |
|---|---|
| 8301 Professional Place, Suite 115, Landover, MD 20785 | Ira Kress, VP of Human Resources and Labor Relations |

| 7. Type of establishment (factory, mine, wholesaler, etc.) | 8. Identify principal product or service | 9. Number of workers employed |
|---|---|---|
| Grocery store chain | Groceries and Pharmacy | 10,000+ |

| 10. Full name of party filing charge | 11a. Tel. No. 301-773-9652 | b. Cell No. 301-322-1704 |
|---|---|---|
| Jo Ann P. Myles | c. Fax No. | d. e-Mail |

| 11. Address of party filing charge (street, city, state and ZIP code) | | |
|---|---|---|
| 9701 Apollo Drive, Suite 301, Largo, Maryland 20774 | | |

**12. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _Jo Ann P. Myles, Esq._ Jo Ann P. Myles
*(signature of representative or person making charge)*   *(Print/type name and title or office, if any)*

| Tel. No. 301-773-9652 |
|---|
| Cell No. |
| Fax No. 301-322-1704 |
| e-Mail |

9701 Apollo Drive, Suite 301, Largo, Maryland 20774

Address _____ (date) 11/17/12

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.



FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Giant Food, LLC | | b. Tel. No. 301-341-4100 |
|---|---|---|
| | | c. Cell No. |
| d. Address *(Street, city, state, and ZIP code)*  8301 Professional Place  Suite 115  Landover, MD 20785 | e. Employer Representative  Ira Kress, VP Human Resources and Labor Relations | f. Fax No. |
| | | g. e-Mail |
| | | h. Number of workers employed  10,000+ |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*  Food Supermarket Chain | j. Identify principal product or service  Groceries and Pharmacy | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) and (5) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The Employer unlawfully laid off Warehouse Employees Union, Local 730 bargaining unit employees: Sharon Foster, Chris Mundell, and Tiffany Cherry. Thereafter, the Employer unlawfully assigned their work to non-bargaining unit employees. The Employer threatened and coerced the named bargaining unit employees and required them to sign severance agreements that ended their employment.


Also See Attachments A and B.


| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*  Jo Ann P. Myles, Esq. | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*  9701 Apollo Drive  Suite 301  Largo, Maryland 20774 | | 4b. Tel. No. 301-773-9652 |
| | | 4c. Cell No. |
| | | 4d. Fax No. 301-322-1704 |
| | | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.  By ___*(signature)*___   Jo Ann P. Myles, Esq.  *(signature of representative or person making charge)*   *(Print/type name and title or office, if any)*  Address 9701 Apollo Drive, Largo, MD 20774 *Suite 301*     11/17/12  *(date)* | Tel. No. 301-773-9652 |
|---|---|
| | Office, if any, Cell No. |
| | Fax No. 301-322-1704 |
| | e-Mail |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

257

NLRB Charge Against Warehouse Employees Union Local 730      November 17, 2012

## ATTACHMENT B
### Warehouse Employees Union Local 730

We the undersigned do hereby declare that we have read the charge and that the statements therein are true to the best of our knowledge and belief.

_Sharron Foster_        11/12/12
Sharron Foster        DATE
1031 N. Fulton Avenue
Baltimore, Maryland 21217
Union Local 730

_Chris Mundell_        11/17/12
Chris Mundell        DATE
1322 Craighill Court
Hanover, Maryland 21076
Union Local 730

_Tiffany Sherry_        11/17/12
Tiffany Sherry        DATE
6 Morris Drive
Apt 303
Laurel, Md. 20707
Union Local 730

## CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of November 2012, I mailed by regular

FED EX Courier Service the attached National Labor Relations Board Charge to:

Mr. Richard Johnson
Business Agent
Warehouse Employees Union Local No. 730
2001 Rhode Island Avenue, N.E.
Washington, D.C. 20018

_Jo An P. Myles_
Jo An P. Myles

1

**258**

# EXHIBIT 46

Law Offices of
**JO ANN P. MYLES**
9701 Apollo Drive
Suite 301
Largo, Maryland 20774

Office 301-773-9652                                                    Fax 301-322-1704

<u>**VIA FEDEX**</u>                          November 17, 2012
**8001-3791-8178**

Mr. Wayne Gold
NLRB Regional Director,
National Labor Relations Board
100 S. Charles Street, 6th Floor
Baltimore, Maryland 21201

   **Re: NLRB Charges Filed Against: Giant Food, LLC, Warehouse Employees Union
        Local 730 and Teamsters Union Local 922**

Dear Regional Director Gold:

        My name is Jo Ann P. Myles. I am an attorney and I represent union employees
Sharron Foster, Chris Mundell, Tiffany Cherry, Linda Mathis, Donna Ward, Robert
Ciccarelli, Donchez Coates, William Christopher and Ralph Jackson.

        Please find enclosed three (3) National Labor Relations Board (NLRB) Charges
being filed against the following employer and unions:

   1.    National Labor Relations Board Charge against Giant Food LLC;
   2.    National Labor Relations Board Charge against Warehouse Employees
         Union Local 730 and
   3.    National Labor Relations Board Charge against Teamsters Union Local
         922.

        All communications and documents concerning these charges should be
forwarded to my office. Once the NLRB issues Charge Case Numbers to each complaint,
I will formally enter my appearance again using the NLRB entry of appearance form.
Thank you for your prompt attention to this matter.

                    Very Truly Yours,



                    Jo Ann P. Myles

cc: Sharron Foster, Chris Mundell, Tiffany Cherry, Linda Mathis, Donna Ward, Robert
Ciccarelli, Donchez Coates, William Christopher and Ralph Jackson (Complainants) and
Giant Food, LLC, Union Local 730 and Union Local 922

NLRB Charge   November 17, 2012   Attachment A- Description/Statement of Charge

## ATTACHMENT A

Re: Group Complainants From members of Teamsters Unions Local 922 and Local 730
Complainants:  From Union 730: Sharron Foster, Chris Mundell, Tiffany Cherry and
from Union 922 Donna Ward, Donchez Coates, Linda D. Mathis, William Christopher,
Robert Ciccarelli and Ralph Jackson.

### COMPLAINT

A.    **Facts**

The employer Giant Food Inc, Union Local 730 and Union Local 922 in or about
April of 2012 began informing employees at its Jessup Warehouses that it would be
laying Union Warehouse personnel off because of a lack of work and that there would be
no work after July 1, 2012. All three (3) organizations told the Complainants and the
other union Warehouse employees that other lay offs would follow July 1, 2012, because
there was a substantial reduction in work. Giant eventually told the Complainants and
approximately 11 other employees (approximately 20 employees) in or about June 2012
that they would be laid off effective July 1, 2012, due to a lack of work and work space.

Giant offered the Complainants a small severance package. Many of the
employees had 7-10 years of service with Giant and their respective unions. In order to
get the complainants to sign the severance packages, Giant and the Unions had joint and
separate meetings deceiving and threatening the complainants to sign due to a lack of
work and future lay offs. The unions and Giant held negotiation meetings together, in
which they excluded the shop stewards. The unions had separate meetings with all
warehouse employees (without their shop stewards) and with the complainants (soon to
be laid off workers). In theses meetings, the Unions threatened and coerced employees to
sign Giant's severance agreement, which required them to give up their right to being
recalled or rehired in the event work became available in six (6) months. Complainants
and others were told that there would be no question and absolutely more future layoffs,
that "Giant did not want them anymore", they had better sign the agreement, there was no
more work for them to do, they should go look for other work, among other things.

Reluctantly, the complainants signed the Giant severance agreement under the
belief that there was no more work in the warehouses, there would be imminent future
layoffs and that their jobs were gone forever.

However, in or about August 14, 2012, (approximately 6 weeks later), the
complainants learned that;

1.      there was no shortage of work at the Giant Jessup Warehouse where they
had worked;

*250*

NLRB Charge   November 17, 2012    Attachment A- Description/Statement of Charge

2. that Giant was giving extensive overtime to the current Jessup warehouse workers;

3. that Giant had hired back workers on July 1, 2012, the next day after complainants were laid off;

4. that union leaders had clandestinely and secretly taken aside and had separate meetings with at least 4 of the designated workers to be terminated and told those individuals not to sign Giant's severance agreement because there would be work and that they could get them back in to work at Giant;

5. Giant rehired at least 3 of the union workers who had secret conversations with union leaders back at the Jessup Warehouse and were secretly told not to sign the severance agreement;

6. That on or about August 14, 2012, Complainants learned of the events in paragraphs 1-5 and on August 16, 2012, filed union grievances, which have not been answered and/or processed in accordance to the complainants CBAs. The unions and Giant have denied the complainants the right to utilize the union grievance process and to have arbitration on their grievances.

**SECTIONS VIOLATED:** Employer Giant, Giant's Management team and the unions have violated the union contracts, including but not limited to provisions under Union Local 922 Articles IX, X, and XIV, Union Local 730 Articles VI, XIII, XXII, the National Labor Relations Act as well as Maryland state and other federal laws.

## **REMEDY:**

All Complainants should be reinstated, made whole, given and restored all benefits, included but not limited to wages; reinstatement in the health insurance program with no waiting period; reinstatement in the pension program with restoration of all back service and credits; vacation time and any other benefits. The employees must be made whole in any and all respects.

251

NLRB Charge Against Teamsters Union Local 922          November 17, 2012

## ATTACHMENT B Continued

### CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of November 2012, I mailed by regular

FED EX courier service the attached National Labor Relations Board Charge to:

Ms. Ferline Buie, President
Teamsters Local Union 922
2120 Bladensburg Road N.E.
Washington, D.C. 20018

Jo An P. Myles

INTERNET
FORM NLRB-508
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

| a. Name | b. Union Representative to contact |
|---|---|
| International Brotherhood of Teamsters, Local 922 | Ferline Buie, President |

| c. Address *(Street, city, state, and ZIP code)* | d. Tel. No. 202-526-9250 | e. Cell No. |
|---|---|---|
| 2120 Bladensburg Rd., N.E. Washington, D.C. 20018 | f. Fax No. 202-526-9253 | g. e-Mail |

h. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) *(list subsections)* **(1) (A) and (b) (3)** of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The named Union breached its duty to fairly represent bargaining unit employees: Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher, and Ralph Jackson by coercing them to sign severance agreements with employer Giant Food, which ended their employment.

Also See Attachments A and B.

| 3. Name of Employer Giant Food, LLC | 4a. Tel. No. 301-341-4100 | b. Cell No. 301-512-7681 |
|---|---|---|
| | c. Fax No. | d. e-Mail |

| 5. Location of plant involved *(street, city, state and ZIP code)* 8301 Professional Place, Suite 115, Landover, MD 20785 | 6. Employer representative to contact Ira Kress, VP of Human Resources and Labor Relations |
|---|---|

| 7. Type of establishment *(factory, mine, wholesaler, etc.)* Grocery store chain | 8. Identify principal product or service Groceries and Pharmacy | 9. Number of workers employed 10,000+ |
|---|---|---|

| 10. Full name of party filing charge Jo Ann P. Myles | 11a. Tel. No. 301-773-9652 | b. Cell No. 301-322-1704 |
|---|---|---|
| | c. Fax No. | d. e-Mail |

11. Address of party filing charge *(street, city, state and ZIP code.)*
9701 Apollo Drive, Suite 301, Largo, Maryland 20774

**12. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By *(signature of representative or person making charge)*   Jo Ann P. Myles   *(Print/type name and title of office, if any)*

9701 Apollo Drive, Suite 301, Largo, Maryland 20774

Address _____ *(date)* 11/17/12

| Tel. No. 301-773-9652 |
| Cell No. 301-322-1704 |
| Fax No. 301-322-1704 |
| e-Mail |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

259

NLRB Charge   November 17, 2012   Attachment A- Description/Statement of Charge

## ATTACHMENT A

Re: Group Complainants From members of Teamsters Unions Local 922 and Local 730
Complainants:  From Union 730: Sharron Foster, Chris Mundell, Tiffany Cherry and
from Union 922 Donna Ward, Donchez Coates, Linda D. Mathis, William Christopher,
Robert Ciccarelli and Ralph Jackson.

## COMPLAINT

### A.    Facts

The employer Giant Food Inc, Union Local 730 and Union Local 922 in or about
April of 2012 began informing employees at its Jessup Warehouses that it would be
laying Union Warehouse personnel off because of a lack of work and that there would be
no work after July 1, 2012. All three (3) organizations told the Complainants and the
other union Warehouse employees that other lay offs would follow July 1, 2012, because
there was a substantial reduction in work. Giant eventually told the Complainants and
approximately 11 other employees (approximately 20 employees) in or about June 2012
that they would be laid off effective July 1, 2012, due to a lack of work and work space.

Giant offered the Complainants a small severance package. Many of the
employees had 7-10 years of service with Giant and their respective unions. In order to
get the complainants to sign the severance packages, Giant and the Unions had joint and
separate meetings deceiving and threatening the complainants to sign due to a lack of
work and future lay offs. The unions and Giant held negotiation meetings together, in
which they excluded the shop stewards. The unions had separate meetings with all
warehouse employees (without their shop stewards) and with the complainants (soon to
be laid off workers). In theses meetings, the Unions threatened and coerced employees to
sign Giant's severance agreement, which required them to give up their right to being
recalled or rehired in the event work became available in six (6) months. Complainants
and others were told that there would be no question and absolutely more future layoffs,
that "Giant did not want them anymore", they had better sign the agreement, there was no
more work for them to do, they should go look for other work, among other things.

Reluctantly, the complainants signed the Giant severance agreement under the
belief that there was no more work in the warehouses, there would be imminent future
layoffs and that their jobs were gone forever.

However, in or about August 14, 2012, (approximately 6 weeks later), the
complainants learned that;

1.    there was no shortage of work at the Giant Jessup Warehouse where they
had worked;

*260*

NLRB Charge   November 17, 2012    Attachment A– Description/Statement of Charge

    2.     that Giant was giving extensive overtime to the current Jessup warehouse workers;

    3.     that Giant had hired back workers on July 1, 2012, the next day after complainants were laid off;

    4.     that union leaders had clandestinely and secretly taken aside and had separate meetings with at least 4 of the designated workers to be terminated and told those individuals not to sign Giant's severance agreement because there would be work and that they could get them back in to work at Giant;

    5.     Giant rehired at least 3 of the union workers who had secret conversations with union leaders back at the Jessup Warehouse and were secretly told not to sign the severance agreement;

    6.     That on or about August 14, 2012, Complainants learned of the events in paragraphs 1-5 and on August 16, 2012, filed union grievances, which have not been answered and/or processed in accordance to the complainants CBAs. The unions and Giant have denied the complainants the right to utilize the union grievance process and to have arbitration on their grievances.

**SECTIONS VIOLATED:** Employer Giant, Giant's Management team and the unions have  violated the union contracts, including but not limited to provisions under Union Local 922 Articles IX, X, and XIV, Union Local 730 Articles VI, XIII, XXII, the National Labor Relations  Act as well as Maryland state and other federal laws.

## REMEDY:
All Complainants should be reinstated, made whole, given and restored all benefits, included but not limited to wages; reinstatement in the health insurance program with no waiting period; reinstatement in the pension program with restoration of all back service and credits; vacation time and any other benefits. The employees must be made whole in any and all respects.

261

NLRB Charge Against Teamsters Union Local 922          November 17, 2012

## ATTACHMENT B
### Teamsters Union Local 922

We the undersigned do hereby declare that we have read the charge and that the
statements therein are true to the best of our knowledge and belief.

_Linda J Mathis_
Linda Mathis                                     11-17-2012
9707 Caltor Lane                                 DATE
Ft. Washington, Md. 20744
Union Local 922

_Donna Ward_
Donna Ward                                       11-17-2012
8023 Mansion House Crossing                      DATE
Pasadena, Maryland 21122
Union Local 922

_Robert Ciccarelli_
Robert Ciccarelli                                11-17-2012
13030 Marquette Lane                             DATE
Bowie, Maryland 20715
Union Local 922

_Donchez Coates_
Donchez Coates                                   11/17/12
2139 Redthorn Road                               DATE
Hanover, Maryland 21220
Union Local 922

_William Christopher_
William Christopher                              11-27-12
8008 Vineyard Drive                              DATE
Forestville, Maryland 20747
Union Local 922

_Ralph Jackson_
Ralph Jackson                                    11/16/2012
700 65th Avenue                                  DATE
Capitol Heights, Maryland 20743
Union Local 922

1

**SA 020**

262

NLRB Charge Against Teamsters Union Local 922          November 17, 2012

### ATTACHMENT B Continued

### CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of November 2012, I mailed by regular

FED EX courier service the attached National Labor Relations Board Charge to:

Ms. Ferline Buie, President
Teamsters Local Union 922
2120 Bladensburg Road N.E.
Washington, D.C. 20018

_____
Jo An P. Myles

2

**SA 021**

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br><br>Giant Food, LLC | | b. Tel. No. 301-341-4100 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)*<br>8301 Professional Place<br>Suite 115<br>Landover, MD 20785 | e. Employer Representative<br><br>Ira Kress, VP Human Resources and Labor Relations | g. e-Mail |
| | | h. Number of workers employed<br>10,000+ |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Food Supermarket Chain | j. Identify principal product or service<br>Groceries and Pharmacy | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) and (5) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The Employer unlawfully laid off Teamsters Local 922 bargaining unit employees: Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher, and Ralph Jackson.  Thereafter, the Employer unlawfully assigned their work to non-bargaining unit employees.  The Employer threatened and coerced the named bargaining unit employees and required them to sign severance agreements that ended their employment.

Also See Attachments A and B.

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br><br>Jo Ann P. Myles, Esq. | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>9701 Apollo Drive<br>Suite 301<br>Largo, Maryland 20774 | 4b. Tel. No. 301-773-9652 |
| | 4c. Cell No. |
| | 4d. Fax No. 301-322-1704 |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No.<br>301-773-9652 |
|---|---|
| By ___*(signature)___  Jo Ann P. Myles, Esq.<br>*(signature of representative or person making charge)*   *(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | Fax No. 301-322-1704 |
| Address 9701 Apollo Drive, Largo, MD 20774  *Suite 301*   11/17/12<br>*(date)* | e-Mail |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

INTERNET
FORM NLRB-508
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact | | |
|---|---|---|---|
| International Brotherhood of Teamsters, Local 922 | Ferline Buie, President | | |
| c. Address *(Street, city, state, and ZIP code)*<br>2120 Bladensburg Rd., N.E.<br>Washington, D.C. 20018 | d. Tel. No.<br>202-526-9250 | | e. Cell No. |
| | f. Fax No.<br>202-526-9253 | | g. e-Mail |

h. The above-named organization(s) or its agents has *(have)* engaged in and is *(are)* engaging in unfair labor practices within the meaning of section 8(b), subsection(s) *(list subsections)* (1) (A) and (b) (3) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The named Union breached its duty to fairly represent bargaining unit employees: Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher, and Ralph Jackson by coercing them to sign severance agreements with employer Giant Food, which ended their employment.

Also See Attachments A and B.

| 3. Name of Employer | 4a. Tel. No. | b. Cell No. |
|---|---|---|
| Giant Food, LLC | 301-341-4100 | 301-512-7681 |
| | c. Fax No. | d. e-Mail |

| 5. Location of plant involved *(street, city, state and ZIP code)*<br>8301 Professional Place, Suite 115, Landover, MD 20785 | 6. Employer representative to contact<br>Ira Kress, VP of Human Resources and Labor Relations |
|---|---|

| 7. Type of establishment *(factory, mine, wholesaler, etc.)*<br>Grocery store chain | 8. Identify principal product or service<br>Groceries and Pharmacy | 9. Number of workers employed<br>10,000+ |
|---|---|---|

| 10. Full name of party filing charge | 11a. Tel. No. | b. Cell No. |
|---|---|---|
| Jo Ann P. Myles | 301-773-9652 | 301-322-1704 |
| | c. Fax No. | d. e-Mail |

11. Address of party filing charge *(street, city, state and ZIP code.)*
9701 Apollo Drive, Suite 301, Largo, Maryland 20774

### 12. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

| By _(signature of representative or person making charge)_   Jo Ann P. Myles, Esq. Jo Ann P. Myles *(Print/type name and title or office, if any)* | Tel. No.<br>301-773-9652 |
|---|---|
| | Cell No. |
| 9701 Apollo Drive, Suite 301, Largo, Maryland 20774 | Fax No.<br>301-322-1704 |
| Address _____ *(date)* 11/17/12 | e-Mail |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.



NLRB Charge   November 17, 2012    Attachment A- Description/Statement of Charge

## ATTACHMENT A

Re: Group Complainants From members of Teamsters Unions Local 922 and Local 730
Complainants:  From Union 730: Sharron Foster, Chris Mundell, Tiffany Cherry and
from Union 922 Donna Ward, Donchez Coates, Linda D. Mathis, William Christopher,
Robert Ciccarelli and Ralph Jackson.

### COMPLAINT

A.   Facts

The employer Giant Food Inc, Union Local 730 and Union Local 922 in or about
April of 2012 began informing employees at its Jessup Warehouses that it would be
laying Union Warehouse personnel off because of a lack of work and that there would be
no work after July 1, 2012. All three (3) organizations told the Complainants and the
other union Warehouse employees that other lay offs would follow July 1, 2012, because
there was a substantial reduction in work. Giant eventually told the Complainants and
approximately 11 other employees (approximately 20 employees) in or about June 2012
that they would be laid off effective July 1, 2012, due to a lack of work and work space.

Giant offered the Complainants a small severance package. Many of the
employees had 7-10 years of service with Giant and their respective unions. In order to
get the complainants to sign the severance packages, Giant and the Unions had joint and
separate meetings deceiving and threatening the complainants to sign due to a lack of
work and future lay offs. The unions and Giant held negotiation meetings together, in
which they excluded the shop stewards. The unions had separate meetings with all
warehouse employees (without their shop stewards) and with the complainants (soon to
be laid off workers). In theses meetings, the Unions threatened and coerced employees to
sign Giant's severance agreement, which required them to give up their right to being
recalled or rehired in the event work became available in six (6) months. Complainants
and others were told that there would be no question and absolutely more future layoffs,
that "Giant did not want them anymore", they had better sign the agreement, there was no
more work for them to do, they should go look for other work, among other things.

Reluctantly, the complainants signed the Giant severance agreement under the
belief that there was no more work in the warehouses, there would be imminent future
layoffs and that their jobs were gone forever.

However, in or about August 14, 2012, (approximately 6 weeks later), the
complainants learned that;

1.      there was no shortage of work at the Giant Jessup Warehouse where they
had worked;

NLRB Charge   November 17, 2012    Attachment A- Description/Statement of Charge

    2.     that Giant was giving extensive overtime to the current Jessup warehouse workers;

    3.     that Giant had hired back workers on July 1, 2012, the next day after complainants were laid off;

    4.     that union leaders had clandestinely and secretly taken aside and had separate meetings with at least 4 of the designated workers to be terminated and told those individuals not to sign Giant's severance agreement because there would be work and that they could get them back in to work at Giant;

    5.     Giant rehired at least 3 of the union workers who had secret conversations with union leaders back at the Jessup Warehouse and were secretly told not to sign the severance agreement;

    6.    That on or about August 14, 2012, Complainants learned of the events in paragraphs 1-5 and on August 16, 2012, filed union grievances, which have not been answered and/or processed in accordance to the complainants CBAs. The unions and Giant have denied the complainants the right to utilize the union grievance process and to have arbitration on their grievances.

**SECTIONS VIOLATED:** Employer Giant, Giant's Management team and the unions have violated the union contracts, including but not limited to provisions under Union Local 922 Articles IX, X, and XIV, Union Local 730 Articles VI, XIII, XXII, the National Labor Relations Act as well as Maryland state and other federal laws.

## REMEDY:

All Complainants should be reinstated, made whole, given and restored all benefits, included but not limited to wages; reinstatement in the health insurance program with no waiting period; reinstatement in the pension program with restoration of all back service and credits; vacation time and any other benefits. The employees must be made whole in any and all respects.

269

NLRB Charge Against Teamsters Union Local 922      November 17, 2012

## ATTACHMENT B
## Teamsters Union Local 922

We the undersigned do hereby declare that we have read the charge and that the statements therein are true to the best of our knowledge and belief.

_Linda J Mathis_

Linda Mathis
9707 Caltor Lane
Ft. Washington, Md. 20744
Union Local 922

11-17-2012
DATE

_Donna Ward_

Donna Ward
8023 Mansion House Crossing
Pasadena, Maryland 21122
Union Local 922

11-17-2012
DATE

_Robert Ciccarelli_

Robert Ciccarelli
13030 Marquette Lane
Bowie, Maryland 20715
Union Local 922

11-17-2012
DATE

_Donchez Coates_

Donchez Coates
2139 Redthorn Road
Hanover, Maryland 21220
Union Local 922

11/17/12
DATE

_William Christopher_

William Christopher
8008 Vineyard Drive
Forestville, Maryland 20747
Union Local 922

11-27-12
DATE

_Ralph Jackson_

Ralph Jackson
700 65th Avenue
Capitol Heights, Maryland 20743
Union Local 922

11/16/2012
DATE

1

NLRB Charge Against Teamsters Union Local 922          November 17, 2012

## ATTACHMENT B Continued

### CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of November 2012, I mailed by regular

FED EX courier service the attached National Labor Relations Board Charge to:


Ms. Ferline Buie, President
Teamsters Local Union 922
2120 Bladensburg Road N.E.
Washington, D.C. 20018

Jo An P. Myles

2

272

INTERNET
FORM NLRB-508
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name<br>International Brotherhood of Teamsters, Local 922 | b. Union Representative to contact<br>**Ferline Buie, President** | |
| c. Address *(Street, city, state, and ZIP code)*<br>2120 Bladensburg Rd., N.E.<br>Washington, D.C. 20018 | d. Tel. No.<br>202-526-9250 | e. Cell No. |
| | f. Fax No.<br>202-526-9253 | g. e-Mail |

h. The above-named organization(s) or its agents has *(have)* engaged in and is *(are)* engaging in unfair labor practices within the meaning of section 8(b), subsection(s) *(list subsections)* (1) (A) and (b) (3)                of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The named Union breached its duty to fairly represent bargaining unit employees: Linda Mathis, Donna Ward, Robert Ciccarelli, Donchez Coates, William Christopher, and Ralph Jackson by coercing them to sign severance agreements with employer Giant Food, which ended their employment.

Also See Attachments A and B.

| 3. Name of Employer<br>Giant Food, LLC | 4a. Tel. No.<br>301-341-4100 | b. Cell No.<br>301-512-7681 |
|---|---|---|
| | c. Fax No. | d. e-Mail |

| 5. Location of plant involved *(street, city, state and ZIP code)*<br>8301 Professional Place, Suite 115, Landover, MD 20785 | 6. Employer representative to contact<br>Ira Kress, VP of Human<br>Resources and Labor Relations |
|---|---|

| 7. Type of establishment *(factory, mine, wholesaler, etc.)*<br>Grocery store chain | 8. Identify principal product or service<br>Groceries and Pharmacy | 9. Number of workers employed<br>10,000+ |
|---|---|---|

| 10. Full name of party filing charge<br>Jo Ann P. Myles | 11a. Tel. No.<br>301-773-9652 | b. Cell No.<br>301-322-1704 |
|---|---|---|
| | c. Fax No. | d. e-Mail |

11. Address of party filing charge *(street, city, state and ZIP code.)*
9701 Apollo Drive, Suite 301, Largo, Maryland 20774

| 12. DECLARATION<br>I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.<br><br>By _____    Jo Ann P. Myles<br>*(signature of representative or person making charge)    (Print/type name and title or office, if any)*<br><br>9701 Apollo Drive, Suite 301, Largo, Maryland 20774<br>Address _____    (date) 11/17/12 | Tel. No.<br>301-773-9652 |
|---|---|
| | Cell No. |
| | Fax No.<br>301-322-1704 |
| | e-Mail |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information the NLRB to decline to invoke its processes.

NLRB Charge   November 17, 2012    Attachment A- Description/Statement of Charge

## ATTACHMENT A

Re: Group Complainants From members of Teamsters Unions Local 922 and Local 730
Complainants:  From Union 730: Sharron Foster, Chris Mundell, Tiffany Cherry and
from Union 922 Donna Ward, Donchez Coates, Linda D. Mathis, William Christopher,
Robert Ciccarelli and Ralph Jackson.

### COMPLAINT

A.    **Facts**

The employer Giant Food Inc, Union Local 730 and Union Local 922 in or about
April of 2012 began informing employees at its Jessup Warehouses that it would be
laying Union Warehouse personnel off because of a lack of work and that there would be
no work after July 1, 2012. All three (3) organizations told the Complainants and the
other union Warehouse employees that other lay offs would follow July 1, 2012, because
there was a substantial reduction in work. Giant eventually told the Complainants and
approximately 11 other employees (approximately 20 employees) in or about June 2012
that they would be laid off effective July 1, 2012, due to a lack of work and work space.

Giant offered the Complainants a small severance package. Many of the
employees had 7-10 years of service with Giant and their respective unions. In order to
get the complainants to sign the severance packages, Giant and the Unions had joint and
separate meetings deceiving and threatening the complainants to sign due to a lack of
work and future lay offs. The unions and Giant held negotiation meetings together, in
which they excluded the shop stewards. The unions had separate meetings with all
warehouse employees (without their shop stewards) and with the complainants (soon to
be laid off workers). In theses meetings, the Unions threatened and coerced employees to
sign Giant's severance agreement, which required them to give up their right to being
recalled or rehired in the event work became available in six (6) months. Complainants
and others were told that there would be no question and absolutely more future layoffs,
that "Giant did not want them anymore", they had better sign the agreement, there was no
more work for them to do, they should go look for other work, among other things.

Reluctantly, the complainants signed the Giant severance agreement under the
belief that there was no more work in the warehouses, there would be imminent future
layoffs and that their jobs were gone forever.

However, in or about August 14, 2012, (approximately 6 weeks later), the
complainants learned that;

1.      there was no shortage of work at the Giant Jessup Warehouse where they
had worked;

NLRB Charge Against Teamsters Union Local 922          November 17, 2012

## ATTACHMENT B
### Teamsters Union Local 922

We the undersigned do hereby declare that we have read the charge and that the
statements therein are true to the best of our knowledge and belief.

_Linda J. Mathis_                          11-17-2012
Linda Mathis                               DATE
9707 Caltor Lane
Ft. Washington, Md. 20744
Union Local 922

_Donna Ward_                               11-17-2012
Donna Ward                                 DATE
8023 Mansion House Crossing
Pasadena, Maryland 21122
Union Local 922

_Robert Ciccarelli_                        11-17-2012
Robert Ciccarelli                          DATE
13030 Marquette Lane
Bowie, Maryland 20715
Union Local 922

_Donchez Coates_                           11/17/12
Donchez Coates                             DATE
2139 Redthorn Road
Hanover, Maryland 21220
Union Local 922

_William Christopher_                      11-27-12
William Christopher                        DATE
8008 Vineyard Drive
Forestville, Maryland 20747
Union Local 922

_Ralph Jackson_                            11/16/2012
Ralph Jackson                              DATE
700 65th Avenue
Capitol Heights, Maryland 20743
Union Local 922

275

NLRB Charge Against Teamsters Union Local 922                November 17, 2012

### ATTACHMENT B Continued

### CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of November 2012, I mailed by regular

FED EX courier service the attached National Labor Relations Board Charge to:


Ms. Ferline Buie, President
Teamsters Local Union 922
2120 Bladensburg Road N.E.
Washington, D.C. 20018

Jo An P. Myles

# EXHIBIT 1

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

RALPH JACKSON, et. al.     )
                    )
     Plaintiffs,        )
                    )
v.                   )     Case No. 12-cv-2065 (JEB)
                    )
TEAMSTERS LOCAL UNION 922     )
*et. al.*                   )
                    )
     Defendants.       )
                    )

## DECLARATION OF RONDALD RANDOLPH

I, Ronald Randolph, state the following:

1.     My name is Ronald Thomas Randolph and I reside at 1509 Argonne Drive, Baltimore, MD, 21218. I am of legal age and competent to testify about all matters set forth in this Declaration. This Declaration is based on my personal knowledge.

2.     I am an employee of Giant Food, LLC ("Giant") and currently work at the Giant Fresh Food Recycling facility. I started working at Giant in January 2010 as a vacation relief worker. I had some problems working as a selector and moved to a recycling job in September 2010. I became a permanent employee working at the Giant Dry Grocery Recycling facility on June 5, 2011. I worked there until the last Friday in June, 2012 when I was laid off. I was recalled to work on July 5 or 6, 2012 and went to work at the Fresh Food Recycling facility.

3.     I am a member of Teamsters Local 730 (the "Union"). I am covered by the contract between the Union and Giant covering employees working at the Giant Recycling facilities effective June 17, 2011 through June 20, 2015.

4.      In late May or early June 2012 I heard that C&S was going to shut down the Dry Grocery warehouse and transfer that work to another facility in Pennsylvania. Because of the shutdown, all employees working at the Dry Grocery warehouse were going to be laid off at the end of June 2012.

5.      Around that same time, there was a lot of discussion in the recycling facility about possible layoffs. Many employees were talking about layoffs and how we would be affected. Because I had very little seniority, I was concerned that I would be laid off. It was a topic of conversation in the break room during this time and people were talking about the Local 730 officials meeting with Giant officials about layoff issues. I heard that the Union was meeting with Giant to talk about the layoffs but I don't know when those meetings occurred.

6.      Sometime in mid June 2012 (I am not sure of the exact date), Richard Johnson and Ritchie Brooks had a meeting with my shift of employees in the break room at the Dry Grocery Recycling building to inform them of Giant's offer concerning severance pay and recall rights. Because everyone has been talking about the layoff issue and the meetings between Local 730 and Giant, I knew when I went to the meeting that we were going to be hearing about layoffs. I believe the meeting lasted about 30 minutes. I believe Mike Neumann from Giant was there too.

7.      I remember Mr. Johnson explained that the employees could take the severance package or decide to take the option of six (6) months of recall rights. The severance package included up to eight weeks of severance pay, depending on your years of employment, with a minimum of two weeks' pay. If you took the severance package, you could also file for unemployment benefits.

8.      Neither Mr. Johnson nor Mr. Brooks made any statement about the chances of a recall or whether they knew if there would be more layoffs in the future. They told the employees that they had to make their decision based on what was best for them individually.

9.      After the meeting, I had a conversation with Mr. Johnson and Frank Manieri outside the break room. Mr. Manieri said he was going to take the recall rights because he would only get two weeks of severance pay. Mr. Johnson then explained to me that the layoff was by seniority and that the seniority list covered members of both recycling facilities because they worked under one contract. Then I told Mr. Johnson that two weeks of severance was not enough so I was probably going to file for unemployment and take the six (6) months of recall rights. Mr. Johnson never told me that Giant was going to recall employees at some time in the future and he never told me not to take the severance package.

10.      About a week or 10 days after we had the meeting about the layoff and recall options, a group of us met with a Giant Human Resources official to go over the paperwork. I believe her name is Kelli. The meeting was at the Fresh Food facility. She went over the paperwork and told us that we could take it to an attorney. Some people asked questions about what was going on.

11.      I made the decision to take the recall rights on my own after talking it over with my wife. No one ever told me I should take the recall rights option and I had no information that there was going to be a recall at Giant at any time in the future. Because I only had a little bit of seniority and would only receive two weeks of severance pay, it didn't make sense for me to take the money. I knew I could collect unemployment payments and my wife and I thought it was a good idea to keep the recall rights. Mr. Johnson never told me that there was going to be a recall.

I also knew that if I took the severance package I couldn't work for Giant anymore or anytime in the future and I wanted to keep my options about going back to work open.

12.    I didn't sign the severance papers and my last day at work was the last Friday in June 2012 and I was laid off on that day.

13.    On July 5 or 6, 2012, Mr. Johnson called me and said that Giant was recalling me to work. I reported back to work after that. I was surprised to be recalled because I had no idea that I would be going back to work. When he called me on July 5 or 6, it was the first time I ever heard that there was going to be a recall at Giant.

14.    When I returned to work at Giant in early July, things were very hectic because of all the problems Giant had experienced dealing with the big storm that happened over the weekend before.


I declare under penalty of perjury that the foregoing is true and correct, in accordance with 28 U.S.C. § 1746.

*R. Randolph*

Ronald Randolph

Executed this ____4____ day of May 2016.